UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS HOWARD,
TAVARIS WILLIAM,
BRYANT MANNING, AND
JARAMOGI STANDIFER,

    Plaintiffs,

v.

SAGINAW COUNTY, et. al.,

    Defendants,
_____/

Civil Action No. 2:18-CV-12913
HONORABLE VICTORIA A. ROBERTS
UNITED STATES DISTRICT COURT

**OPINION AND ORDER (1) DISMISSING PLAINTIFFS WILLIAM, MANNING AND STANDIFER FROM THE COMPLAINT, (2) DISMISSING SAGINAW COUNTY JAIL AND STAFF AS FROM THE COMPLAINT, AND (3) ORDERING THE SERVICE OF THE COMPLAINT ON DEFENDANT SAGINAW COUNTY BY THE U.S. MARSHALS SERVICE**

Before the Court is Plaintiff Dennis Howard's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Mr. Howard is an inmate incarcerated at the Saginaw County Jail in Saginaw, Michigan. Mr. Howard lists three other inmates, Tavaris William, Bryant Manning, and Jaramogi Standifer, as plaintiffs, but these three men have not signed the complaint. The Court reviewed the complaint and now **DISMISSES IT IN PART. The complaint must be served upon defendant Saginaw County.**

    **I.**    **Standard of Review**

Plaintiff is granted permission to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is considered frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal of a *pro se* complaint is appropriate if it lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a *prima facie* case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the defendant's conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff

fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

## II. Complaint

Howard challenges a number of the conditions at the Saginaw County Jail. He alleges: (1) he is subjected to extreme cold and was not offered a blanket to stay warm; (2) poor sanitation and the lack of cleaning supplies to sanitize his cell; (2) there is exposed lead and inadequate ventilation at the jail; (4) meals are inadequate; and (5) inadequate recreation. Mr. Howard claims that he suffers from depression, schizophrenia, attention deficit disorder, extreme anxiety, and suicidal thoughts but that there is no mental health therapy or suicide prevention programs at the jail. He also says there is no system to classify inmates based on their security threat, causing him at one point to be incarcerated with gang members, and that he was "jumped" by another inmate, causing him to receive several injuries. Mr. Howard also alleges that the system for court-appointed counsel in Saginaw County is underfunded and inadequate to provide effective assistance of counsel for indigent defendants. The complaint seeks monetary damages.

## III. Discussion

### A. Mr. William, Mr. Manning, and Mr. Standifer are DISMISSED from the complaint.

The Court dismisses Mr. William, Mr. Manning, and Mr. Standifer. None of these men signed the complaint.

Rule 11 specifically states that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name-or by a party

personally if the party is unrepresented." Fed.R.Civ.P. 11(a). The Rule also says that a court "must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.* Moreover, a prisoner cannot sign a pleading on behalf of another prisoner in a legal proceeding in federal court. *See Valiant-Bey v. Morris*, 620 F. Supp. 903, 904 (E.D. Mo. 1985)(unlicensed jailhouse lawyer who claimed to be fellow prisoner's "counselor" could not sign documents on behalf of fellow prisoner in legal proceedings). The Court dismisses William, Manning, and Standifer without prejudice.

**B. Saginaw County Jail is DISMISSED from the action.**

A sheriff's department is not a legal entity capable of being sued for alleged civil rights violations under 42 U.S.C. § 1983. *Rhodes v. McDannel*, 945 F. 2d 117, 120 (6th Cir. 1991); *Barrett v. Wallace*, 107 F. Supp. 2d 949, 954 (S.D. Ohio 2000). The Saginaw County Jail is operated by the sheriff's department; it cannot be sued under § 1983. *See Cage v. Kent Cnty. Corr. Facility (Jail)*, 1997 WL 225647, * 1, 113 F. 3d 1234 (6th Cir. 1997)(Table); *see also Petty v. County of Franklin, Ohio, et al.*, 478 F.3d 341, 347 (6th Cir. 2007) (county sheriff's office was not a legal entity under Ohio law and was not subject to suit under § 1983).

Mr. Howard also sues unnamed jail staff. This portion of his complaint is subject to dismissal because Mr. Howard failed to identify any jail staff by name or specify that staff person's involvement in the alleged violation of his civil rights.

A civil rights complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights. See *Hall v. United States*, 704 F. 2d 246, 251 (6th

Cir. 1983). Although Mr. Howard lists jail staff as defendants, he did not identify them or explain their roles in the alleged violations in the body of his complaint. This portion of the complaint shall be summarily dismissed pursuant to § 1915(e)(2)(B). *See Asberry v. Bisig*, 70 F. App'x. 247, 248-49 (6th Cir. 2003). Mr. Howard failed to allege with any degree of specificity which jail staff personnel were personally involved in or responsible for each of the alleged violations of his federal rights; the complaint is dismissed against these unnamed defendants. *See Frazier v. Michigan*, 41 F. App'x. 762, 764 (6th Cir. 2002).

**C. The complaint shall be served against Saginaw County with respect to the alleged unconstitutional jail conditions.**

A county can be held liable, pursuant to 42 U.S.C.A. § 1983, for acts of the county sheriff or other jail personnel regarding unconstitutional conditions inside of a county jail. "It is equally well established that a Michigan county is liable for the wrongful actions of the county sheriff." *See Tompkins v. Frost*, 655 F. Supp. 468, 470 (E.D. Mich. 1987); *See also. Carroll v. Wilkerson*, 782 F. 2d 44 (6th Cir. 1986)(A county can be held liable, pursuant to 42 U.S.C.A. § 1983, for acts of the county sheriff or other jail personnel in allegedly failing to protect an inmate from being assaulted by other inmates while he was incarcerated at the county jail); *Rose v. Saginaw Cty.*, 353 F. Supp. 2d 900, 916 (E.D. Mich. 2005)(county could be liable for unconstitutional jail policy of housing pre-trial detainees naked while in administrative detention). Construed broadly, Mr. Howard's complaint states a claim upon Defendant Saginaw County.

**D. The Court abstains from the allegations against Saginaw County's court-appointed attorney system.**

Mr. Howard also claims that the Saginaw County court system does not provide sufficient funding for court-appointed lawyers, violating his right to the effective assistance of counsel. Although Mr. Howard does not specifically allege that he faces pending criminal charges, his allegation that he is a pre-trial detainee, coupled with his allegation of inadequate counsel, implies this. A review of the Saginaw County Circuit Court website, www.saginawcounty.com/apps/CourtInformation/CriminalDetail.aspx?CaseKey=0000345089, indicates that Mr. Howard has several pending criminal charges. *See People v. Howard,* No. 17-044317-FH (Saginaw Cty. Cir. Ct.). [1]

In *Younger v. Harris*, 401 U.S. 37, 45 (1971), the United States Supreme Court held that federal courts should not enjoin pending state criminal proceedings except in a "very unusual circumstance" where an injunction is necessary to prevent "both great and immediate" irreparable injury. The cost, anxiety, and inconvenience of a defendant having to defend against a single criminal prosecution cannot be considered - alone - to constitute irreparable injury. Instead, the threat to a state criminal defendant's federally protected rights must be one that "cannot be eliminated by his defense against a single criminal prosecution." *Id.* at 46. The *Younger* absention doctrine also applies to cases where a plaintiff requests monetary damages. *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir.1998)(holding, "[plaintiff's] present federal action for damages under 42 U.S.C. § 1983 and the Fair Housing Act is a textbook case for *Younger* abstention"); *Schilling v. White*, 58 F.3d 1081, 1084 (6th Cir. 1995)("our Circuit has recognized that the

---

[1] A federal district court is permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith*, 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

relevant inquiry when considering abstaining under *Younger* is the nature and degree of the state's interest in its judicial proceedings, rather than whether a party is seeking injunctive relief or monetary damages.").

A federal court should employ three factors to determine whether the *Younger* abstention doctrine should apply:

> 1. there must be pending or ongoing state judicial proceedings;
> 2. these proceedings must implicate important state interests; and,
> 3. there must be an adequate opportunity in the state proceedings to raise constitutional challenges.

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *GTE Mobilnet of Ohio v. Johnson*, 111 F.3d 469, 481 (6th Cir. 1997).

The first prong of *Younger* applies because Mr. Howard's charges remain pending. If convicted, plaintiff would still be required to exhaust his available state court appellate remedies with the Michigan Court of Appeals and the Michigan Supreme Court prior to seeking federal relief. For purposes of *Younger*, a state's trial and appeals process is "treated as a unitary system" and a party may not obtain federal intervention "by terminating the state judicial process prematurely" by foregoing state appeals to challenge the trial court's judgment in federal court. *New Orleans Public Service, Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 369 (1989). A necessary prerequisite of the *Younger* doctrine is that a party [prior to contesting the judgment of a state judicial tribunal in federal court] must exhaust his or her state appellate remedies before seeking relief in the district court. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975). For purposes of the first requirement of the *Younger* doctrine, a state criminal prosecution will be considered

7

to be pending in the state courts if at the time of the filing of the federal complaint, not all of the state appellate remedies have been exhausted. *See Tesmer v. Granholm,* 114 F. Supp. 2d 603, 612 (E.D. Mich. 2000)(*quoting Mounkes v. Conklin*, 922 F. Supp. 1501, 1511 (D. Kan. 1996)).

Next, with respect to any ongoing criminal case, "there is no question that the ongoing prosecution implicates important state interests." *Davis v. Lansing*, 851 F. 2d 72, 76 (2nd Cir. 1988); *See also Hansel v. Town Court for Town of Springield, N.Y.*, 56 F. 3d 391, 393 (2nd Cir. 1995)("it is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one").

Finally, with respect to the third factor, plaintiff has an opportunity to challenge the constitutionality of any pending criminal charges or any convictions in the state courts. Federal courts presume that the state courts are able to protect the interests of a federal plaintiff. *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995).

Mr. Howard's claim that the court-appointed attorney system in Saginaw County is underfunded and is denying him the right to the effective assistance of counsel is barred by the *Younger* absention doctrine. See *Foster v. Kassulke*, 898 F.2d 1144, 1146-48 (6th Cir. 1990). The Court dismisses this portion of the complaint without prejudice.

**E. The Court orders service upon Saginaw County.**

Mr. Howard is proceeding *in forma pauperis;* the Court orders the United States Marshals Office to direct service against Defendant Saginaw County. *Williams v. McLemore*, 10 F. App'x. 241, 243 (6th Cir. 2001); *Byrd v. Stone*, 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).

## IV. ORDER

**IT IS ORDERED THAT:**

(1) Plaintiffs William, Manning, and Standifer are **DISMISSED FROM THE COMPLAINT.**

(2) The civil rights complaint is **DISMISSED WITH PREJUDICE WITH RESPECT TO DEFENDANTS SAGINAW COUNTY JAIL AND STAFF.**

(3) The complaint shall be served upon **DEFENDANT SAGINAW COUNTY** by the United States Marshals Service.

s/ Victoria A. Roberts
**HON. VICTORIA A. ROBERTS**
**Dated:** 12/3/18    **UNITED STATES DISTRICT JUDGE**

The undersigned certifies that a copy of this document was served on the attorneys of record, Dennis Howard, Tavaris William, Bryant Manning and Jaramogi Standifer by electronic means or U.S. Mail on December 3, 2018.

s/Linda Vertriest
Deputy Clerk